# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA JUAREZ, | CASE NO. 1:09-CV-00542-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| HEYNE, et al., | (DOC. 9) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.     Background**

Plaintiff Alicia Juarez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to the Americans with Disabilities Act ("ADA"). Plaintiff initiated this action by filing her complaint on March 23, 2009. The Court dismissed Plaintiff's complaint with leave to amend on September 4, 2009. Plaintiff filed her first amended complaint on September 28, 2009. The Court dismissed Plaintiff's first amended complaint with leave to amend on December 3, 2009. Plaintiff filed her second amended complaint on January 5, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

1  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
3  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
4  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
5  1915(e)(2)(B)(ii).

6       A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
10 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
11 matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,
12 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

13 **II.     Summary of Second Amended Complaint**

14      Plaintiff is currently incarcerated at Central California Women's Facility ("CCWF") in
15 Chowchilla, California.  Plaintiff names as Defendants chief medical officer Dr. Heyne, health
16 care manager Dr. Martin, A. W. Huddelston, and the CDCR.  Plaintiff also seeks injunctive relief
17 from CCWF.  The Court construes CCWF as a Defendant.

18      Plaintiff contends that she had eye surgery in December 2006 which left her totally blind.
19 She began to live at the Skilled Nursing Facility ("SNF") at CCWF, but was then removed from
20 the program.  Plaintiff requested placement back in SNF.  Plaintiff contends that an inmate
21 assistant for every day living is inadequate because Plaintiff is being victimized by other inmates,
22 who steal her property.  Plaintiff alleges a violation of the ADA by Defendants.

23      Plaintiff requests as injunctive relief removal from the general population back to SNF,
24 and for CCWF to adhere to all ADA requirements for totally blind and visually impaired
25 inmates.

26 **III.    Analysis**

27      Title II of the Americans with Disabilities Act ("ADA") "prohibit[s] discrimination on
28 the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the

1  ADA provides that "no qualified individual with a disability shall, by reason of such disability,
2  be excluded from participation in or be denied the benefits of the services, programs, or activities
3  of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Title II of
4  the ADA applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*,
5  524 U.S. 206, 210 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997);
6  *Duffy v. Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To establish a violation of Title II of the
7  ADA, a plaintiff must show that (1) [she] is a qualified individual with a disability; (2) [she] was
8  excluded from participation in or otherwise discriminated against with regard to a public entity's
9  services, programs, or activities; and (3) such exclusion or discrimination was by reason of [her]
10 disability." *Lovell*, 303 F.3d at 1052.

11       "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her
12 individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288
13 F.3d 1145, 1156 (9th Cir. 2002).  Thus, the proper Defendant is CCWF and CDCR.  State
14 correctional facilities are "public entities" within the meaning of the ADA.  42 U.S.C. §
15 12131(1)(A) & (B); *Yeksey*, 524 U.S. at 210.

16       Because Plaintiff cannot bring suit against prison officials in their individual capacity for
17 violation of Title II of the ADA, Defendants Heyne, Martin, and Huddelston are dismissed from
18 this action.  The Court assumes Plaintiff is a qualified individual with a disability under the
19 ADA.  Plaintiff contends that she is victimized because of her blindness and CCWF's
20 unwillingness to place her in SNF.  Plaintiff has not alleged what services, programs, or activities
21 she is being excluded from because of her disability.  Plaintiff's exclusion from SNF was not
22 because of her blindness.  Concerns about Plaintiff's property and generalized worries of
23 predatory inmates are not sufficient to state that the institution is denying Plaintiff a service,
24 program, or activity provided by the institution.

25 **IV.    Conclusion And Order**

26       Plaintiff fails to state any cognizable federal claims.  Plaintiff has been provided two
27 opportunities to file an amended complaint to cure the deficiencies identified.  Plaintiff is unable
28 to do so, and the Court will thus not grant further leave to amend.  *Lopez v. Smith*,  203 F.3d

1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED for failure to state a claim upon which relief may be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   September 1, 2010               /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE